UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **DAVID PANNELL,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0242 AS |
| | ) | |
| **CECIL K. DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 22, 2005, *pro se* petitioner, David Pannell, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 1, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. He was the subject of a prisoner disciplinary proceeding, the sanction of which included a 60-day earned credit time deprivation which in turn implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The proceedings at the ISP involving this petitioner occurred in and around October 2004, and the case is designated as ISP 03-10-0225. There has been compliance with the procedural mandates of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445

(1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). A previous case cited in this court is designated as *Pannell v. Davis*, 3:04cv0176, and this court now takes judicial notice of that proceeding. That case was remanded on August 24, 2004 and appears to have been recommenced from the get-go. A re-screening of the petitioner occurred and certain witnesses were designated to be present under the mandates of *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993). It appears that the mandates of this court were scrupulously followed, and the prison officials are to be complimented for that.

Issues apparently remain with regard to the physical presence at the proceedings of an offender named Mathis as well as Captain Batchelor. This court is also aware of *Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002). That decision may not be a part of the law of the case, but it is certainly instructive here. There are serious security concerns at institutions such as the ISP that should not be gainsaid here. The hearing involved here was rescheduled twice to accommodate scheduling conflicts. Indeed, Captain Batchelor did provide a written statement which was considered, but was unable to be personally present because of his other obligations. There is no right to confront and cross-examine witnesses and in effect, that is what this petitioner is demanding.

There is an elaborate record here with exhibits designated A through N, both inclusive,

2

having been considered. The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally, the state regulations embodied in the adult disciplinary procedures are considered to be state law. This record reflects an extraordinary effort to provide constitutional due process as required by *Wolff*. The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

    **DATED:**  October 18, 2005

                                              **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**